# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TROY CRAMER, #16783-047,  )<br>  )<br>           **Petitioner,**  )<br>  )<br>vs.  )<br>  )<br>T. G. WERLICH,  )<br>  )<br>           **Respondent.**  ) | Case No. 18-cv-0258-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Troy Cramer, an inmate in the Bureau of Prisons, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on February 12, 2018. (Doc. 1). Cramer was sentenced to 262 months imprisonment in 2013 after pleading guilty to conspiracy to distribute 500 grams or more of a mixture containing methamphetamine. *United States v. Troy Cramer*, No. 13-cr-3011-JMG-CRZ, Doc. 36 (D. Neb. Aug. 19, 2013). His Guidelines range was enhanced after he was found to be a career offender under U.S.S.G. § 4B1.1, based on a prior federal controlled substance conviction and a Nebraska state conviction for terroristic threats. *Id*. at Doc. 78, p. 2.

Cramer now invokes *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016) to challenge his designation as a career offender based on the Nebraska conviction and contends he is entitled to be resentenced without that designation. Specifically, Cramer argues that this prior conviction pursuant to NEB. REV. STAT. § 28-311.01 (1986) does not qualify as a "crime of violence" under the Guidelines because it does not have as an element the use, attempted use, or threatened use of physical force again the person of another. (Doc. 1, pp. 4–7).

1

Respondent opposes issuance of the Writ on multiple grounds: First, that Cramer waived his collateral challenge rights as part of his plea agreement, which forecloses his Petition (Doc. 8, pp. 5–6); Second, that Cramer's sentence cannot be deemed a "miscarriage of justice" under § 2255(e)'s savings clause, as it fell within the statutory maximum penalty for his crime of conviction regardless of his career offender designation (*Id*. at pp. 6–9); and Finally, that Cramer's Nebraska terroristic threats conviction meets the Sentencing Guidelines' definition of "crime of violence" because the threatened use of physical force is an essential element of the statute—thus his claim fails on the merits. (*Id*. at pp. 8–10). Cramer filed a reply (Doc. 10) and filed a supplemental pleading with additional authority (Doc. 11).

This matter is now ripe for resolution. For the reasons discussed below, Cramer's § 2241 Petition (Doc. 1) will be **DENIED**.

## Procedural History and Relevant Facts

On May 22, 2013, Cramer pleaded guilty to one Count of conspiracy to distribute 500 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). *United States v. Troy Cramer*, No. 13-cr-3011-JMG-CRZ, Doc. 22 (D. Neb. May 22, 2013). Cramer entered into a formal Plea Agreement in which he agreed that he "knowingly and expressly waive[d] any and all rights to contest [his] . . . sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255 . . . ." *Id*. at Doc. 25, pp. 6–7.[1] While neither party has provided the Presentence Report ("PSR") to the Court, there is no dispute that Cramer was determined to be a career offender under the Guidelines by the

---

[1] Cramer's plea agreement contained two express exceptions to this waiver, neither of which are applicable to the instant Petition: 1) Cramer reserved the right to timely challenge his conviction and sentence should either the Eighth Circuit or the Supreme Court later find that the charge to which Cramer agreed to plead guilty to fails to state a crime; and 2) Cramer reserved the right to seek post-conviction relief based on ineffective assistance of counsel or prosecutorial misconduct in certain situations. *Id*. at p. 7.

sentencing court, in part due to his prior Nebraska conviction for terroristic threats under NEB. REV. STAT. § 28-311.01 (1986). (Doc. 1, pp. 2, 4–7; Doc. 2, p. 3).[2] Cramer's statutory sentencing range included a minimum of ten years (120 months) imprisonment and a maximum of life imprisonment. 21 U.S.C. § 841(b)(1)(A)(viii). After the career offender designation was applied, Cramer was sentenced at the low end of the Guidelines range to 262 months imprisonment on August 19, 2013. *Cramer*, No. 13-cr-3011-JMG-CRZ, Doc. 36 (D. Neb. Aug. 19, 2013); *see also id*. at Doc. 78.

Cramer did not file a direct appeal. He did, however, file a motion under 28 U.S.C. § 2255 in the District of Nebraska. He argued, as he does here, that his prior conviction for terroristic threats under Nebraska law should not have been used to enhance his sentence under the Guidelines. *Id*. at Doc. 66. His argument was premised on *Johnson v. United States*, 576 U.S. –, 135 S. Ct. 2551 (2015) instead of *Mathis*, and he argued that his career offender designation was made pursuant to the Guidelines' "residual clause" instead of its "elements clause." *Id*.; *compare* U.S.S.G. § 4B1.2(a)(1) *with* § 4B1.2(a)(2). The § 2255 motion was denied after citation to Cramer's plea waiver as well as a discussion of the merits of his motion. *Id*. at Doc. 78.[3] The Eighth Circuit Court of Appeals affirmed the denial, *Cramer v. United States*, 700 F. App'x 562 (8th Cir. 2017) (per curiam) and denied Cramer's Petition for Rehearing en banc. *United States v.*

---

[2] The PSR is filed under seal at Doc. 38 in Cramer's criminal case, *United States v. Cramer*, No. 13-cr-3011-JMG-CRZ (D. Neb. Aug. 19, 2013). Because it is sealed, this Court was unable to access it, and neither party has provided a complete copy to the Court. However, both Cramer's Petition and Respondent's Response reference the specific grounds for Cramer's career offender designation, as did the sentencing court in its ruling on Cramer's 28 U.S.C. § 2255 post-conviction motion. *Id*. at Doc. 78, p. 2.

[3] In his opinion denying Cramer's § 2255 petition, Judge Gerrard concluded that Cramer's Nebraska conviction was not a "crime of violence" under the elements clause of U.S.S.G. § 4B1.2(a), which is the argument Cramer makes in the instant Petition. *See id*. at pp. 3–5. However, this discussion was *dicta* that did not ultimately factor into the court's decision to deny Cramer's petition, and was also made prior to the Eighth Circuit's decision in *Fletcher v. United States*, 858 F.3d 501 (8th Cir. 2017) (concluding that NEB. REV. STAT. § 28-311.01 "ha[s] as an element the use, attempted use, or threatened use of physical force against the person of another").

*Cramer*, No. 13-cr-3011-JMG-CRZ, Doc. 88 (D. Neb. Dec. 19, 2017).

## **Applicable Legal Standards**

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Aside from the direct appeal process, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is generally limited to *one* challenge of his conviction and sentence under § 2255. A prisoner may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion either 1) contains newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) invokes "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, however, it is possible for a prisoner to challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" under which a federal prisoner can file a § 2241 petition when the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

Following *Davenport*, a petitioner must meet three conditions to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). In other words, something more than a lack of success with a § 2255 motion must exist before the savings clause is satisfied." *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

## **Analysis**

In light of *Mathis*, Cramer argues he was improperly designated as a career offender because his prior Nebraska conviction does not have as an element the use, attempted use, or threatened use of physical force against the person of another, which is necessary to be considered a "crime of violence" under the Guidelines' elements clause. (Doc. 1, pp. 4–7); U.S.S.G. § 4B1.2(a)(1). Before reaching the merits of this argument, the Court must first consider whether Cramer's claim can be brought within the narrow scope of § 2255's savings clause. The Court agrees with Respondent that Cramer cannot demonstrate the existence of a fundamental defect in his conviction or sentence that is grave enough to be deemed a miscarriage of justice, thus he cannot satisfy the requirements of § 2255(e)'s savings clause to bring his *Mathis* claim in a § 2241 petition.

Some errors can be raised on direct appeal but not in a collateral attack by a § 2255 motion or a § 2241 petition. A claim that a defendant's Guidelines sentencing range was erroneously calculated is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013),

5

*supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013); *see also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

The Sentencing Guidelines have been advisory since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). *Perry v. United States*, 877 F.3d 751, 754 (7th Cir. 2017). The Guidelines range that applied to Cramer was advisory, not mandatory, because he was sentenced in 2013, well after the *Booker* decision. *United States v. Cramer*, No. 13-cr-3011-JMG-CRZ, Doc. 36 (D. Neb. Aug 19, 2013). The applicable statutory sentencing range for Cramer's conviction at the time of his sentencing was 10 years to life imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A)(viii). Thus, Cramer's 262-month sentence fell within the statutory maximum sentence allowed under the statute.

Cramer argues that he could not have brought his claim within a year of his final conviction in 2013 because the argument he raises was foreclosed to him until after *Mathis* was decided in 2016. Even assuming, *arguendo*, that the first and second *Davenport* criteria have been met,[4] *Hawkins* dictates that an erroneous application of the advisory guidelines does not amount to a "miscarriage of justice" (the third *Davenport* factor) so long as the sentence is within the applicable statutory maximum limit. Therefore, Cramer's Petition does not meet the criteria to bring his claim within § 2255(e)'s savings clause.

In short, there is no meaningful way to distinguish *Hawkins* from this case. The issue in

---

[4] Because *Hawkins* dictates that Cramer cannot possibly satisfy *Davenport*'s "miscarriage of justice" factor, which is dispositive of his Petition, the Court need not decide whether Cramer has satisfied the other two *Davenport* factors. Likewise, the Court need not reach the merits of Respondent's argument that Cramer's Petition is foreclosed by his appeal waiver in the plea agreement. (Doc. 8, pp. 5–6).

*Hawkins* was the same as the issue raised here by Cramer: the use of a prior conviction that would allegedly no longer qualify as a predicate for the career offender guideline enhancement under current law. In its supplemental opinion on denial of rehearing in *Hawkins*, the Seventh Circuit summarized its holding: "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had . . . been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Hawkins*, 724 F.3d at 916 (internal citations omitted). *Hawkins* remains binding precedent in this Circuit, and Cramer's Petition must be dismissed.

## Conclusion

For the above reasons, Cramer's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the

judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: August 15, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**